308 So.2d 811 (1975)
Harold A. OLIVIER
v.
Walter J. OURSO.
No. 6655.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*812 Joseph W. Thomas, New Orleans, for defendant-appellant.
Dodge, Friend, Wilson & Spedale, Rhodes J. Spedale, Jr., New Orleans, for plaintiff-appellee.
Frederick R. Campbell, New Orleans, for defendant in reconvention-appellee.
Before BOUTALL, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
Defendant appeals from a judgment awarding to plaintiff $444.87 for repairs to an air conditioning system in defendant's home and dismissing the reconventional demand by defendant against plaintiff and his insurer for damage allegedly done to his property by plaintiff during the repairs.
In this Court defendant specified error in the trial court's refusal to permit an amendment to his reconventional demand so as to prove that the plaintiff damaged the sheetrock in the ceiling of the house.
The trial consisted of the testimony of the plaintiff and each of three of his employees who worked on the job at defendant's house and that of defendant and his wife. Mrs. Ourso testified that she saw one of the employees, David Olivier, cause damage to her sheetrock ceiling. But David Olivier denied having done any such damage. A repairman called by the defendant testified that a month after the work was done he examined the ceiling and found loosened sheetrock from the ceiling joist "like if somebody walked on *813 that thing and it was going to come down." He also testified that it would cost from $300 to $400 to repair this ceiling. After this testimony, an objection was made by plaintiff to the evidence of ceiling damage because the same was not alleged in the reconventional demand, whereupon the following colloquy took place among the court and counsel:
THE COURT:
There has been no testimony here by anybody all day long with the possible exception of one person that there was any damage done to the ceiling.
MR. SPEDALE:
I would like to object to any testimony along those lines being elicited.
THE COURT:
I am not going to allow the pleadings to be enlarged, there's been no testimony that anybody ever did step on that sheetrock.
(Off the record discussion.)
MR. THOMAS:
If Your Honor please considering our discussion I would like to at this time offer, introduce and file into evidence the deposition that was taken in this matter by Mr. Campbell of Mr. Walter Ourso.
MR. CAMPBELL:
I object.
THE COURT:
I will let it into evidence for whatever it is worth however I am not going to read the deposition.
MR. THOMAS:
If Your Honor please I'd like to offer, introduce and file into evidence this deposition and at this time the defense rests."
The thrust of defendant's argument centers around the above three quoted comments by the court. He takes exception to the first comment because he insists that Mr. Ourso, as well as his wife, testified as to such damage, the second comment contending that this constituted a violation of LSA-C.C.P. Art. 1154, and the third comment contending that the deposition was admissible and therefore the trial judge was bound to read and consider it in arriving at his judgment.
Treating the above in inverse order, the deposition of Mr. Ourso was taken for discovery by plaintiff's insurer in advance of the trial. Mr. Ourso was present in court at the trial and testified. There is no basis for the introduction of the deposition in evidence and there was no error in the trial court's refusal to consider it. LSA-C.C.P. Art. 1428.
As to the second statement by the court to the effect that the pleadings would not be enlarged, this statement came after there was a considerable amount of testimony with respect to the sheetrock damage and the question of liability vel non on plaintiff for such damage. Such testimony had not been objected to so that the issue of plaintiff's liability for such damage was in effect tried by implied consent of the parties just as if such issue had been raised by the pleadings. C.C.P. Art. 1154. At the conclusion of the above quoted colloquy the trial judge stated that "as far as the defendant and plaintiff in reconvention the burden of proof is upon the defendant to carry that burden and considering the conflicts in dates, times, acts and other testimony, the bill substantiates that no complaint was made and therefore the court has reached a conclusion the defense has not sustained the burden of proof which is required in order to enable them to recover ..." The only evidence which was excluded on objection was evidence as to the amount required to repair the ceiling, but all of the evidence had been taken with respect to liability for such damage in the first instance and that issue was resolved against defendant primarily *814 on the basis of credibility of the witnesses.
This brings us to consider the first of the three complained-about statements of the trial court. While it is true that Mr. Ourso testified about the damage to the sheetrock ceiling he admitted that he did not see the damage done but was only going by his wife's report of that damage to him. It was entirely proper that the trial judge accorded no weight whatsoever to Mr. Ourso's testimony of the damage under these circumstances. Thus, in the true sense only one witness testified that damage was done by plaintiff's employee and that was Mrs. Ourso whose testimony was contradicted flatly by the employee. We do not substitute our judgment for the trial judge who apparently believed the employee and not Mrs. Ourso.
Accordingly, the judgment appealed from is affirmed.
Affirmed.